JOSEPH J. CARIGLIA vs. BAR COUNSEL.

Suffolk. March 4, 2004. - August 13, 2004.

Present: IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Supreme Judicial Court,* Appeal from order of single justice. *Constitutional Law,* Separation of powers. *Board of Bar Overseers. Administrative Law,* Adjudicatory proceeding, Exhaustion of remedies. *Practice, Civil,* Motion to dismiss. *Attorney at Law,* Disciplinary proceeding.

A single justice of this court neither abused his discretion nor committed any other clear error of law in dismissing an attorney's petition seeking a stay of bar discipline proceedings currently under way before the Board of Bar Overseers (board), which petition alleged that the Office of Bar Counsel (bar counsel) was delaying resolution or prosecution of certain other matters pending against the attorney to avoid investigation into alleged misconduct of an assistant bar counsel, where the attorney's unsupported allegations of misconduct did not warrant interference by this court with bar counsel's discretion, as recognized by the board, to bring or to refuse to bring disciplinary action [376-377]; and where the attorney failed to exhaust his remedies before the board or show that recourse to the board would have been futile [377-378].
This court declined to consider an argument raised for the first time on appeal. [378-379]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on February 3, 2003.

A motion to dismiss was considered by *Greaney,* J.

*Roy A. Bourgeois (George L. Dresser* with him) for the plaintiff.

*Daniel C. Crane,* Bar Counsel.

IRELAND, J. Joseph J. Cariglia appeals from the dismissal by a single justice of this court of his petition for relief from certain alleged misconduct by the Office of Bar Counsel (bar counsel). The petition was brought pursuant to this court's "inherent common law, constitutional and statutory powers to regulate the practice of law and to supervise the administration of justice." See, e.g., *Marino* v. *Tagaris,* 395 Mass. 397, 401 (1985). In the

petition, Cariglia sought, inter alia, a stay of bar discipline proceedings before the Board of Bar Overseers (board) until other matters pending against Cariglia are charged or closed. Cariglia alleged that bar counsel has delayed resolution of these pending matters to avoid an investigation of an assistant bar counsel who, Cariglia claimed, was harassing him and his clients. Because we conclude that the single justice neither abused his discretion nor committed any other clear error of law, we affirm his decision.

*Background.*

1. *The initial investigation.* In 1999, bar counsel initiated an investigation of Cariglia, apparently based on certain allegations made in a civil suit brought against him. According to Cariglia, the assistant bar counsel transformed the inquiry into "a free-ranging investigation of [Cariglia], his cases, his clients, his business relationships, and his IOLTA account."[1] Cariglia also claimed that, during the investigation, "he responded through counsel approximately forty-five times to requests for information, and spent over $125,000" on legal and accounting services related to the investigation, which did not result in any disciplinary charges against him.[2]

Cariglia's counsel complained a number of times to both the board and bar counsel concerning the conduct of the assistant bar counsel during the investigation. In August, 2001, the board

[1]Cariglia claimed that:

> "Scores of [his] former clients . . . (none of whom had made any complaint [to bar counsel]) were contacted by . . . [b]ar [c]ounsel and told that their attorney was 'under investigation.' Many were solicited to sign releases for their files based upon statements or suggestions by . . . [b]ar [c]ounsel or its investigators that it was in their financial interest to do so. [Cariglia's] former employees were harassed. Insurance company files were subpoenaed. Case files in active litigation were subpoenaed. Thousands of pages of IOLTA account records were subpoenaed."

[2]During this time, however, bar counsel did bring a proceeding against Cariglia based on the alleged disclosure of a client's secret. A single justice of this court determined that Cariglia's conduct violated disciplinary rules, but that no sanction should be imposed due to the unique circumstances of the case. This court affirmed the single justice's decision. *Matter of the Discipline of an Attorney,* 437 Mass. 1001 (2002).

deemed two of the letters to be formal grievances against the assistant bar counsel, but informed Cariglia that investigation of the grievances would be stayed until after the completion of bar counsel's investigation and any resulting disciplinary proceedings.[3] This, apparently, is the board's usual practice when grievances are filed against bar counsel staff during the course of a disciplinary investigation. In addition, Cariglia contends that the chairman of the board at the time, John O. Mirick, informed Cariglia's counsel, "If you believe your client is being harassed or is otherwise the subject of an unfairly long investigation, you should take up the issue with [the assistant bar counsel's] superior, Bar Counsel . . . or if necessary, with the Single Justice."

2. *The other pending matters.* In December, 2002, when the initial investigation was closed, there were six matters concerning Cariglia then being investigated by bar counsel. In January, 2003, bar counsel filed a petition for discipline concerning three of those matters.[4] On Mirick's suggestion, Cariglia, through counsel, wrote to Bar Counsel. In the letter, Cariglia inquired about the status of the remaining three matters, and asked whether the assistant bar counsel refused to "close [the other matters] so that [the assistant bar counsel's] misconduct is never investigated." Bar Counsel replied:

> "Upon conclusion of the matters which are currently the subject of a petition for discipline, bar counsel will determine what action to take with any matters that then remain under investigation. That decision will be made without regard to allegations of misconduct that your client or you may have made against [the assistant bar counsel]."

3. *Cariglia's single justice petition.* In February, 2003, Cariglia filed a petition in the county court, alleging that bar counsel was exploiting a board policy that defers investigation of the bar counsel's impropriety until all investigations of the petitioner

---

[3]Grievances against bar counsel staff are referred directly to the board for investigation and disposition. S.J.C. Rule 4:01, § 7 (1), as appearing in 425 Mass. 1307 (1997).

[4]In the petition, bar counsel asserted, inter alia, that Cariglia had charged excessive fees to three former clients.

attorney are completed. Cariglia claimed that, by limiting the matters brought to current prosecution, bar counsel sought to prevent investigation of its own conduct. Cariglia also contended that the board could not effectively address this concern due to the existence of a memorandum of understanding, dated January 17, 1991, between the board and bar counsel, stating that the board shall not attempt to affect or influence bar counsel's prosecutorial discretion.[5] As relief, Cariglia requested that bar counsel be ordered to show cause why he had not closed the pending investigations or charged Cariglia in connection with them, and that the pending petition for discipline against him be ordered stayed until the other three matters are charged or closed.

Bar counsel filed a motion to dismiss Cariglia's petition, contending that Cariglia was seeking improperly "to invade [b]ar [c]ounsel's discretion in investigations and prosecutions and [that Cariglia] has not exhausted his administrative remedies." In March, 2003, a single justice of this court denied Cariglia's request for relief and dismissed the petition. This appeal followed.

*Discussion.*

1. *Single justice did not abuse his discretion or commit a clear error of law.* Cariglia contends that the single justice abused his discretion or committed other clear error of law by dismissing his petition for a stay of bar discipline proceedings currently under way before the board. He argues that bar counsel has delayed resolution or prosecution of other matters to avoid an investigation of the assistant bar counsel. We disagree.

a. *Standard of review.* "It is well settled that this court will not reverse an order of a single justice in the absence of an abuse of discretion or [other] clear error of law." *Milton* v.

---

[5]The memorandum states, inter alia, that:

"The [b]ar [c]ounsel shall have discretion to bring or to refuse to bring disciplinary charges as he or she sees fit, subject only to the [c]ourt and [b]oard rules. Neither the [b]oard nor any of its members shall attempt otherwise to affect or influence the [b]ar [c]ounsel's exercise of such discretion."

*Boston,* 427 Mass. 1016, 1016-1017 (1998), quoting *Greco* v. *Suffolk Div. of the Probate & Family Court Dep't,* 418 Mass. 153, 156 (1994). See *Matter of the Enforcement of a Subpoena,* 436 Mass. 784, 786 (2002). This standard is applied even where "constitutionally based claims are at stake." *Boston Herald, Inc.* v. *Sharpe,* 432 Mass. 593, 602 (2000), and cases cited.

b. *Prosecutorial discretion.* Bar counsel first claims that his office is entitled to exercise prosecutorial discretion and that Cariglia is attempting improperly to interfere with that discretion. In support of this position, bar counsel relies on S.J.C. Rule 4:01, § 7, as appearing in 425 Mass. 1307 (1997) (vesting in bar counsel obligation to investigate "all matters involving alleged misconduct by a lawyer coming to his . . . attention from any source, except matters involving alleged misconduct by the bar counsel, assistant bar counsel, or any member of the [b]oard"); and Rules of the Board of Bar Overseers §§ 2.1-2.6 (2004) (leaving to bar counsel's discretion scope of investigation and decision regarding which matters to prosecute).

While the board's rules do permit bar counsel some discretion in determining the scope of any investigation and deciding which matters to prosecute,[6] it would be stretching the concept to state that bar counsel is entitled to the same broad discretion accorded to criminal and regulatory prosecutors in the executive branch. Prosecutorial discretion is rooted in the doctrine of separation of powers. See, e.g., *Commonwealth* v. *Pyles,* 423 Mass. 717, 719 (1996) ("Article 30 provides for a separation of powers among the branches of government, essentially giving the prosecutor broad discretion in deciding whether to prosecute a case"). That doctrine is inapplicable here, because bar counsel is employed by the judicial branch, appointed by the board with the approval of the court, and serves "at the pleasure of the court." S.J.C. Rule 4:01, § 5 (3) (b), as appearing in 425 Mass.

---

[6]See Rules of the Board of Bar Overseers § 2.7 (2004) ("Following completion of any investigation . . . which he or she deems appropriate . . . [b]ar [c]ounsel may take any one of the following actions," including recommending prosecution and dismissal of complaints). But see Rules of the Board of Bar Overseers § 2.7 (1) (B) ("If the complainant requests review of the closing of a grievance under this section, [b]ar [c]ounsel shall transmit the file to the Board for review . . .").

1304 (1997). See Rules of the Board of Bar Overseers § 2.8 (2004) (bar counsel's recommendations are subject to board review).

However, the memorandum of understanding,[7] entered into by bar counsel and the board in 1991, purports to recognize bar counsel's "[p]rosecutorial [d]iscretion." Specifically, the memorandum gives bar counsel "discretion to bring or to refuse to bring disciplinary charges as he or she sees fit, subject only to [c]ourt and [b]oard rules." It also prohibits the board or any of its members from attempting "otherwise to affect or influence" bar counsel's exercise of discretion. Thus, at least as concerns the board, bar counsel has considerable discretion as to whether or not to bring disciplinary action; his decision is subject to judicial review to the same extent as criminal and regulatory prosecutors in the executive branch. In this case, however, Cariglia has submitted only an unsupported allegation that bar counsel has chosen to investigate him "continuously" to avoid an investigation of the assistant bar counsel. This does not warrant interference by this court with bar counsel's discretion. Cf. *Zora* v. *State Ethics Comm'n*, 415 Mass. 640, 652 (1993) ("When an agency . . . is granted prosecutorial discretion to determine whether to institute formal adjudicatory proceedings, we will interfere with the exercise of that discretion only in cases presenting extraordinary circumstances").

We reach this conclusion recognizing the danger in allowing attorneys under investigation by bar counsel effectively to control their own prosecution by filing a complaint against a member of bar counsel's staff. Upon receipt of such a complaint, it is within bar counsel's discretion to maintain the original assignment of the assistant bar counsel to that investigation, or to reassign the matter to another assistant bar counsel. While reassignment would avoid the appearance of any conflict of interest, other concerns might legitimately convince bar counsel to proceed with the original assignment.

c. *Exhaustion of remedies.* We also agree with bar counsel's alternative argument that Cariglia failed to exhaust his remedies

---

[7]The memorandum states that it was created after the parties had "engaged in discussions at the suggestion of [this court] respecting the relationship between . . . [b]ar [c]ounsel and the [board]."

before the board or show that recourse to the board would have been futile. Exhaustion of remedies is an administrative law concept, and neither bar counsel nor the board is an "agency" within the meaning of the Administrative Procedures Act. See G. L. c. 30A, § 1 (definition of "agency" specifically excludes "the legislative and judicial departments"); *Binns* v. *Board of Bar Overseers*, 369 Mass. 975, 976 (1976) ("The board was established by this court [and] exists as the disciplinary arm of this court"). However, given the multi-tiered structure established to resolve disciplinary charges, the exhaustion principle is appropriate by analogy. See *McKenney* v. *Commission on Judicial Conduct*, 380 Mass. 263, 266-267 (1980) (applying exhaustion of remedies principle to proceedings before commission on judicial conduct, and concluding that "the commission should not be hampered by interlocutory appeals on preliminary matters, absent some extraordinary justification"). See also *Trust Ins. Co.* v. *Commissioner of Ins.*, 48 Mass. App. Ct. 617, 624 (2000) ("Allowing administrative agencies to complete their own decision-making processes and discouraging premature judicial intervention are the purposes that underlie the doctrine of exhaustion of administrative remedies").

In this case, Cariglia admits that he has never asked the board to order bar counsel to show cause why he has not closed the pending investigations or charged Cariglia in connection with them. Neither has he asked the board to stay the pending petition for discipline against him until the other matters are charged or closed.[8] The board has never been given the opportunity to consider the allegations made in the petition to the single justice and determine whether to investigate the conduct of the assistant bar counsel. Cariglia should have addressed his claims to the board before he asked the single justice for relief.

2. *Cariglia has waived his First Amendment retaliation argument.* Cariglia claims that his right to petition for relief under the First Amendment to the United States Constitution

---

[8]Cariglia seeks to explain his failure to address these complaints to the board prior to bringing them before the single justice by stating that "if a [m]otion similar to [the single justice petition] is brought before the [board], it will simply be subsumed in the administrative policy" of staying the investigation of the assistant bar counsel until the investigations of Cariglia are completed.

was violated by the board's decision to defer investigation into his complaints about the assistant bar counsel. However, Cariglia's petition and affidavits presented to the single justice contained no claim of retaliation by bar counsel in violation of Cariglia's constitutional rights. Likewise, Cariglia's claims for relief before the single justice made no mention of his First Amendment rights. We do not consider issues, arguments, or claims for relief raised for the first time on appeal. *Foley* v. *Commonwealth*, 437 Mass. 1016, 1017-1018 (2002) (court does not consider arguments not raised before single justice). *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998) (issues and arguments not before single justice are "beyond the limited scope" of appeal).

3. *Failure to state a claim on which relief can be granted.* Bar counsel argues that, even if Cariglia had properly preserved his First Amendment retaliation claim, Cariglia has failed to state a claim on which relief can be granted. We agree.

To survive a motion to dismiss, "a plaintiff asserting First Amendment retaliation claims must advance nonconclusory allegations establishing (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Baskerville* v. *Blot*, 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002), quoting *Dawes* v. *Walker*, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, *Swierkiewicz* v. *Sorema N.A.*, 534 U.S. 506 (2002). See *Davis* v. *Goord*, 320 F.3d 346, 352 (2d Cir. 2003); *Estate of Smith* v. *West Hartford*, 186 F. Supp. 2d 146, 156 (D. Conn. 2002). To plead adequately that an adverse action was taken against him, a plaintiff must allege that he was subjected to "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Baskerville* v. *Blot, supra*, quoting *Dawes* v. *Walker, supra* at 493. The causal connection between the adverse actions and the protected conduct must "be sufficient to support an inference that the protected conduct played a substantial part in the adverse action." *Baskerville* v. *Blot, supra* at 732. In determining whether a causal connection exists between the plaintiff's exercise of his constitutional rights and the adverse

action, courts look at several factors, including "the temporal proximity between the protected activity and the alleged retaliatory act." *Id.*

Here, bar counsel acknowledges that Cariglia engaged in protected conduct when he filed a grievance against the assistant bar counsel. However, Cariglia has failed to plead the requisite nexus between that exercise of his First Amendment rights and bar counsel's subsequent decision to include some matters in the petition for discipline against him, but hold other matters uncharged. Bar counsel made the decision to charge Cariglia on only three of the six pending matters more than sixteen months after Cariglia filed his grievance against the assistant bar counsel. *Id.* (requiring temporal proximity between exercise of First Amendment rights and retaliatory conduct). Furthermore, the charges in the petition involved complaints from Cariglia's clients that were filed with bar counsel both before and after Cariglia filed his grievance. Finally, after Cariglia filed his grievance with the board, bar counsel closed other matters against him without bringing formal charges in January and December, 2002.[9]

*Conclusion.*

For the reasons set forth above, we conclude that the single justice did not abuse his discretion or commit any other clear error of law by dismissing Cariglia's petition. We, therefore, affirm the order of the single justice.

*So ordered.*

---

[9]Cariglia has not established that bar counsel's decision not to prosecute him on three of the six pending charges constituted an "adverse action" against him. It can hardly be said that other lawyers of "ordinary firmness" would be deterred from complaining about the conduct of the assistant bar counsel by a concern that they might not be prosecuted on all charges under investigation. See *Baskerville* v. *Blot,* 224 F. Supp. 2d 723, 731 (S.D.N.Y. 2002).