Sheldon Schwartz, a licensed physician formerly employed at Arbour-HRI Hospital in Brookline (Arbour), timely appeals from the judgment entered after the defendants' motions to dismiss his complaint were allowed. We affirm.
A motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), tests the legal sufficiency of the complaint. See Greenleaf Arms Realty Trust I, LLC v. New Boston Fund, Inc., 81 Mass. App. Ct. 282, 288 (2012). In testing sufficiency, we take as true all factual allegations of the complaint and draw any reasonable inferences therefrom in Schwartz's favor. See Dartmouth v. Greater New Bedford Regional Vocational Technical High Sch. Dist., 461 Mass. 366, 374 (2012). After conducting the required de novo review here, we conclude that the claims were either barred on procedural grounds or that the factual allegations of the complaint failed to plausibly suggest an entitlement to relief.[4] See id. at 373-374.
Count one alleges "wrongful suspension under G. L. c. 260, § 2A," against "the defendants." That statutory section does not provide a right of action; it establishes a limitations period for certain types of actions. Schwartz does not identify the basis of his legal claim. The factual allegations, untethered to any recognized statutory or common-law claim, are inadequate to plausibly suggest an entitlement to relief.
In count two, Schwartz alleges that he was subjected to retaliation in violation of G. L. c. 149, § 187, the Massachusetts medical provider whistleblower statute, for raising numerous concerns about threats to patient safety at Arbour. See Romero v. UHS of Westwood Pembroke, Inc., 72 Mass. App. Ct. 539, 540-541 (2008). The discrete acts of retaliation alleged include the suspension of Schwartz's clinical privileges on May 31, 2013, and the publication of false reports and documents about Schwartz to the government in September, 2013. Filed in the Superior Court on May 27, 2016, these particular whistleblower claims are time barred. See G. L. c. 149, § 187(d ) (two-year limitations period). See also Sawyer v. Kindred Healthcare, Inc., 186 F. Supp. 3d 118, 126-127 (D. Mass. 2016).
Schwartz's remaining whistleblower claims alleged in count two are based on the defendants' "collusion" with the Board of Registration in Medicine (board), their improper involvement in the board's investigation and its case presentation at the May, 2016, public hearings, and their "continuing ongoing active involvement in actions against Dr. Schwartz's medical license." As noted in Schwartz's complaint, the whistleblower statute defines "[r]etaliatory action" as "the discharge, suspension, demotion, harassment, denial of a promotion or layoff or other adverse action taken against a health care provider affecting the terms and conditions of employment." G. L. c. 149, § 187(a ), inserted by St. 1999, c. 127, § 146. Schwartz resigned in June, 2013. The defendants' improper conduct in 2016 and their ongoing tortious conduct could not affect "the terms and conditions of [Schwartz's] employment." As matter of law, none of this complained-of conduct falls within the statutory definition of retaliatory action that could form the basis of an actionable whistleblower claim.
In counts three and four of his complaint, Schwartz purported to assert claims for violations of Title VII of the Federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (Title VII), and G. L. c. 151B, § 4.[5] Schwartz failed to state claims for relief under these statutes. Schwartz correctly points out that in certain circumstances, employers may be held liable under these statutory sections for postemployment retaliation. See Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997) ; Psy-Ed Corp. v. Klein, 459 Mass. 697, 708-709 (2011). The fatal flaw in Schwartz's complaint is the absence of any allegation that he engaged in any activity, or exercised any right, protected by these statutes. See Fantini v. Salem State College, 557 F.3d 22, 32 (1st Cir. 2009) ; Psy-Ed Corp. v. Klein, supra at 706-707; Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 405-406 (2016). Schwartz's patient advocacy, while perhaps admirable, was not protected conduct.[6]
Even if Schwartz properly served defendants Arbour and Universal Health Services Foundation, Inc., he conceded that the claims against these defendants were identical to those asserted against the other defendants. For the reasons stated previously, these claims failed as matter of law and were properly dismissed under rule 12(b)(6).
The balance of Schwartz's undeveloped arguments are deemed waived.[7] See Adams v. Adams, 459 Mass. 361, 392 (2011).[8]
Judgment affirmed.

The judge did not commit any procedural error. Where no exhibits were attached to the complaint, the judge could properly have confined his analysis to its four corners. Even if the judge considered the exhibits submitted with Schwartz's opposition memorandum, the motions were properly decided under rule 12(b)(6). See Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000).

The employment antidiscrimination statute recognizes two types of retaliation claims. See G. L. c. 151B, § 4(4), (4A). Schwartz did not specify under which subsection he was proceeding.

Schwartz's admitted failure to exhaust his administrative remedies provided an independent basis for the dismissal of his G. L. c. 151B claim. See Everett v. 357 Corp., 453 Mass. 585, 599-601 (2009).

All issues, arguments, and claims for relief raised for the first time on appeal are not properly before us. See Cariglia v. Bar Counsel, 442 Mass. 372, 379 (2004).

We decline the defendants' request for appellate attorney's fees.