NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-213

WILLIAM SANTIAGO

vs.

AUBREY ORLOFF & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, who is incarcerated at the Massachusetts Treatment Center (MTC), filed a complaint against the defendants contending that his civil rights were violated and that certain defendants retaliated against him in violation of his Federal and State Constitutional rights. He appeals from the judgment dismissing his complaint and an order denying his motion for reconsideration. We affirm.

Background. The plaintiff transferred to MTC at his own request to begin voluntary sex offender therapy treatment. As part of the assessment for treatment, the plaintiff participated

---

[1] Wellpath, LLC; Counseling and Psychotherapy Center, Inc. (CPC); Kathryn Degnan; the president of Wellpath, LLC; the president of CPC; Brooke Berard; Kim Lyman; Krystal Hedge; Cheryl Sprague; Lisa Black Sholudko; Katherine O'Neill; Stephanie Sullivan; and David Duarte.

in three one-hour interviews with an intern employed by Counseling and Psychotherapy Center, Inc. (CPC), a privately-owned subcontractor of Wellpath, LLC (Wellpath).[2]  The interviews were part of the comprehensive sexual offense assessment and treatment evaluation (assessment).  The plaintiff was diagnosed with narcissistic personality disorder.  The plaintiff disputed the diagnosis, as well as other perceived errors in his assessment, and tried to correct them by contacting Wellpath, CPC, and Department of Correction employees; he also filed grievances.

The plaintiff met with CPC employees to discuss the assessment on February 12, 2020, and again on June 25, 2020.  Shortly after the second meeting, in response to the plaintiff's request for modification of the assessment, CPC attached an addendum to the assessment, which reduced the plaintiff's score on one aspect of the assessment by two points.  The addendum also added additional facts to support the plaintiff's diagnosis.  The plaintiff lodged several complaints concerning the addendum.  During this time, the plaintiff had a one-on-one therapeutic meeting with a CPC employee, who told the plaintiff

---

[2] Wellpath is a privately-owned healthcare company contracted by the Department of Correction to provide medical services at the MTC.  Pursuant to its subcontract with Wellpath, CPC provides certain voluntary counseling services as part of the sex offender treatment program.

2

that, were he to refile the grievance about the addendum that she returned to him, he would not progress in the treatment program. The plaintiff interpreted this as a threat and claimed that it was made in retaliation for his filing grievances. Nonetheless, the plaintiff continued to pursue his grievances, including sending a letter to Wellpath complaining about the perceived threat from the CPC employee.

Discussion. The defendants filed motions to dismiss the complaint pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to state a claim upon which relief can be granted. "We review the allowance of a motion to dismiss de novo, accepting as true the factual allegations in the plaintiff['s] complaint, as well as any favorable inferences reasonably drawn from them" (quotations and citations omitted).[3] Lopez v. Commonwealth, 463 Mass. 696, 700 (2012). To prevail, the plaintiff's factual allegations must plausibly suggest his entitlement to relief above the speculative level. See Harrington v. Costello, 467 Mass. 720, 724 (2014).

Here, the plaintiff claims that the judge erred in determining that the complaint failed to state a claim on which relief can be granted for violation of his First Amendment

_____

[3] We review the judge's order denying the plaintiff's motion for reconsideration for abuse of discretion. See Piedra v. Mercy Hosp., Inc., 39 Mass. App. Ct. 184, 188 (1995).

3

rights.[4]  Assuming without deciding that the Wellpath and CPC

employees were government actors, we conclude that on the facts

alleged, the addendum did not constitute retaliation infringing

upon the plaintiff's First Amendment rights and that the CPC

employee's comment regarding the refiling of grievances did not

amount to a constitutional violation.

"[A] prison inmate retains those First Amendment rights

that are not inconsistent with his status as a prisoner or with

the legitimate penological objectives of the corrections

system."  Lovell v. Superintendent, N. Cent. Correctional Inst.,

26 Mass. App. Ct. 35, 37 (1988), quoting Pell v. Procunier, 417

U.S. 817, 822 (1974).  "[P]risoners have a right, subject to

reasonable limitations of time and place, to petition prison

authorities for the redress of grievances" (quotation and

citation omitted).  Langton v. Secretary of Pub. Safety, 37

Mass. App. Ct. 15, 19 (1994).  To prove that an adverse action

was instituted against him in retaliation for his filing of a

grievance, a plaintiff must first "overcome the defendants'

---

[4] As the plaintiff only argues his First Amendment claims in a
manner rising to the level of appellate argument, we need not
address the remaining claims.  See Mass. R. A. P. 16 (a) (9)
(A), as appearing in 481 Mass. 1628 (2019).  See also Zora v.
State Ethics Comm'n, 415 Mass. 640, 642 n.3 (1993) (assertions
of error that lack legal argument and authority are not
considered adequate argument); Coraccio v. Lowell Five Cents
Sav. Bank, 415 Mass. 145, 146 n.1 (1993) (because plaintiff
failed to address dismissed counts in her brief, substantive
claims raised therein deemed waived).

4

showing that [they] had legitimate penological reasons for imposing the [action] against him."  _Puleio_ v. _Commissioner of Correction_, 52 Mass. App. Ct. 302, 310 (2001).  To withstand a motion to dismiss a First Amendment retaliation claim, a plaintiff "must advance nonconclusory allegations establishing (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action" (citation omitted).  _Cariglia_ v. _Bar Counsel_, 442 Mass. 372, 379 (2004).  A prisoner must be able to show that the decision would not have been made or action taken "but for" the impermissible purpose of retaliation.  See _Layne_ v. _Vinzant_, 657 F.2d 468, 475-476 (1st Cir. 1981); _McDonald_ v. _Hall_, 610 F.2d 16, 18 (1st Cir. 1979).  "Even if [prison officials] had an impermissible reason . . ., they are not liable if they also had an independent, permissible reason for doing so."  See _Puleio_, _supra_.

Here, the allegations in the complaint, taken as true, do not support inferences that the defendants took adverse action against the plaintiff and did so because he had engaged in protected conduct.  See, e.g., _Puleio_, 52 Mass. App. Ct. at 313; _Messere_ v. _Commissioner of Correction_, 27 Mass. App. Ct. 542, 543-544, 548-549 (1989).  First, the addendum, which included redactions favorable to the plaintiff, did not constitute

5

retaliation. See Cariglia, 442 Mass. at 379-380. Second, the statement by a CPC employee that the refiling of the grievance would impede the plaintiff's completion of the program does not rise to an adverse action. See Messere, 27 Mass. App. Ct. at 548-549. His right to file grievances remained intact and he continued to exercise it well after the purported retaliation. Nor does the conclusory allegation that the plaintiff learned that he had failed his course in that meeting support an inference of an adverse action. Even if the allegations were sufficient to establish that the defendants took adverse action against the plaintiff, the allegations were insufficient to establish that but for the plaintiff's protected conduct, the defendants would not have taken it.[5] See Cariglia, supra at 379-380 (requiring plaintiff to demonstrate nexus between exercise of First Amendment rights and discipline). Cf. Langton, 37 Mass. App. Ct. at 16 (plaintiff claimed "he was coerced, under threat of lock-up, to undergo a psychological examination and that during the examination other threats were made to him"

---

[5] We do not reach the plaintiff's additional factual allegations, raised for the first time on appeal or absent from the complaint, that Lyman failed him in all his psychoeducational courses, stole his resubmitted psychoeducational courses, and influenced others to interfere in the plaintiff's rehabilitation. See Boss v. Leverett, 484 Mass. 553, 562-563 (2020); Coraccio, 415 Mass. at 146 n.1; General Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992).

because "he sent a letter to the Secretary [of Public Safety] criticizing prison conditions").

Judgment affirmed.

Order denying motion for
reconsideration affirmed.

By the Court (Blake, Grant &
Smyth, JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered: April 26, 2023.

---

[6] The panelists are listed in order of seniority.