NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-287

JANE DOE

vs.

CHRISTINA STANKEVICH & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from the dismissal of her claims against Christina Stankevich and Cape Cod Convention Center, Inc.  On appeal, the plaintiff makes a barrage of allegations against the defendants, but she fails to adequately address the underlying decision that is the subject of this appeal.  We affirm.

Discussion.  "We review the allowance of a motion to dismiss de novo," accepting as true the facts alleged in the plaintiff's complaint and any favorable inferences that reasonably can be drawn from them.  Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 164 (2014).  "In assuming the facts as alleged, however, '[w]e do not regard as

_____

[1] Cape Cod Convention Center, Inc.

"true" legal conclusions cast in the form of factual allegations.'" Sudbury v. Massachusetts Bay Transp. Auth., 485 Mass. 774, 778-779 (2020), quoting Leavitt v. Brockton Hosp., Inc., 454 Mass. 37, 39 n.6 (2009).  The facts alleged in the complaint and the reasonable inferences drawn therefrom must be enough to plausibly raise an entitlement to relief to survive a motion to dismiss.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).

Here, the plaintiff has failed to raise any cognizable argument directly addressing the judge's decision to allow the defendants' motions to dismiss.  Rather, the plaintiff reiterates allegations in the complaint, raises several new issues, and relies on an abundance of extraneous information and documents that we cannot consider for purposes of this appeal. See Cariglia v. Bar Counsel, 442 Mass. 372, 379 (2004) ("We do not consider issues, arguments, or claims for relief raised for the first time on appeal"); Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000) ("In evaluating a rule 12 [b] [6] motion, we take into consideration 'the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account'" [citation omitted]).

Even ignoring the deficiencies of the plaintiff's arguments on appeal, we conclude that her complaint fails to state a

plausible claim against either defendant entitling her to relief. Indeed, the complaint does not allege any facts specifically attributable to defendant Stankevich. For such conduct that she does attribute to defendant Cape Cod Convention Center, Inc., these largely consist of "legal conclusions cast in the form of factual allegations" (citation omitted). Sudbury, 485 Mass. at 778-779. The remaining allegations attributed to this defendant are barred by applicable statutes of limitations or otherwise fail to state a plausible claim entitling her to relief. See G. L. c. 260, § 2A (three-year statute of limitations applies to actions of tort). Accordingly, we affirm the judgment granting the defendants' motions to dismiss.[2]

Judgment affirmed.

By the Court (Meade, Hershfang & D'Angelo, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered: October 18, 2023.

---

[2] The defendants' request for an order striking materials from the plaintiff's brief and record appendix is denied. Also, the plaintiff's request to expand the record and the defendants' motion to strike are denied.

[3] The panelists are listed in order of seniority.