NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1004

U.S. BANK TRUST, NATIONAL ASSOCIATION, trustee,[1]

vs.

MARIAELENA GARCIA & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Mariaelena Garcia (defendant) appeals from final judgment of possession against her in this post-foreclosure summary process matter.  On appeal, the defendant claims that (1) the U.S. Bank Trust, National Association's (plaintiff) servicer failed to comply with paragraph 22 of the mortgage contract when it sent a right to cure letter "in error" because the only payment due at the time was for February 2019 and no new right to cure letter was sent; (2) the servicer made accounting errors in calculating and crediting payments; and (3) the plaintiff did

---

[1] Of the LSF9 Master Participation Trust.

[2] Alejandra Raquel Garcia and Isabela Garcia.  Only Mariaelena Garcia remains a defendant in this appeal.

not comply with G. L. c. 244, § 35B, in refusing to consider her completed loan modification prior to the foreclosure auction. We affirm.

As a preliminary matter, only the second issue above is properly before us, as the others are being raised for the first time on appeal. "An issue not raised or argued below may not be argued for the first time on appeal." Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989). Accordingly, these claims are waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).[3]

In the claim properly before us, the defendant maintains that the plaintiff's servicer made accounting errors in calculating and crediting payments. Because the defendant has

---

[3] Even if these claims were not waived, they do not find support in the record. According to the record before us, the defendant did not make her January 2019 payment until May 24, 2019. She admitted that she did not have proper documentation to support her contention that she made a payment on January 4, 2019. The plaintiff sent a right to cure letter showing payment was due for January 2019 and February 2019. Thereafter, on June 20, 2019, the plaintiff sent the defendant a notice of default letter which informed her that the loan was due for May 1, 2019. After the defendant made four payments in May 2019, she was approved for a trial payment plan in May 2020. Finally, between May 2020 and December 2021, the defendant received a forbearance period. In this light, there was strict compliance with paragraph 22 of the mortgage, see Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 235-236 (2015), as well as compliance with G. L. c. 244, §§ 35A and 35B.

failed to demonstrate the judge's findings of fact were clearly erroneous, we find no merit to her claim.

"On review of a jury-waived proceeding, we accept the judge's findings of fact unless they are clearly erroneous." Aurora Loan Servs., LLC v. Murphy, 88 Mass. App. Ct. 726, 729-730 (2015), citing U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 427 (2014). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." C.C. & T. Constr. Co. v. Coleman Bros. Corp., 8 Mass. App. Ct. 133, 135 (1979), quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).[4]

At trial, the judge issued findings of fact and entered judgment for the plaintiff. The judge found that the defendant failed to make a mortgage payment (assigned to the plaintiff) for January 2019 and February 2019. The defendant received a ninety-day cure letter allowing her until May 21, 2019, to pay the past due amount. The defendant paid all but her May 2019 installment. On June 20, 2019, she was sent a default notice pursuant to paragraph 22 of the mortgage. The cure amount at

_____

[4] We reject the plaintiff's claim that we should dismiss the pro se defendant's appeal because she misstated our standard of review.

3

the time was for the payments due for May 2019 and June 2019. The defendant was also offered a loan modification option. The defendant did not cure the default or enter into a formal loan modification. On November 22, 2019, the plaintiff recorded with the registry an affidavit of compliance with G. L. c. 244, §§ 35B and 35C. The plaintiff subsequently (after filing a complaint, obtaining a judgment, and filing affidavits of compliance) scheduled a foreclosure auction, following the COVID-related forbearance period, at which the plaintiff was the highest bidder. Ultimately, the judge found that there was "insufficient evidence from which to draw the conclusion that [p]laintiff or its servicer engaged in wrongful practices or that the foreclosure process was fundamentally unfair."

In her brief, the defendant fails to put forth an argument which indicates how and in what manner the judge improperly or unreasonably viewed the evidence before him. The defendant claimed that the $7,000 payment she made in May 2019 cured her default, but the judge disagreed because although it covered four payments, it did not cover all of the outstanding payments. The servicer accounted for the $7,000 payment but demanded payment for May 2019 and June 2019. There was no accounting error.

With respect to the defendant's claim that the process was fundamentally unfair, she argued that she was allowed to enter a

4

loan modification trial period in May 2020, just before the forbearance period commenced. When the forbearance period ended, she claimed she should then have had the same opportunity to enter the loan modification trial period for which she had been previously accepted. As the judge determined, when she entered the 2020 loan modification trial period, she owed less than $4,000. By December 2021, after the forbearance period ended, she owed approximately $60,000. In light of the changed circumstances, the servicer was not obligated to offer a loan modification.

The record demonstrates that the judge carefully reviewed the documentary evidence and the witnesses' testimony. It was for him to make credibility determinations regarding the witnesses. The defendant has failed to establish that the judge's conclusions that there was neither an accounting error, nor any fundamental unfairness, were clearly erroneous. Rather,

his findings were properly supported by the record, and his decision was based on the evidence he found to be credible.

<u>Judgment affirmed</u>.

By the Court (Meade, Walsh & Smyth, JJ.[5]),

Clerk

Entered:  December 5, 2024.

---

[5] The panelists are listed in order of seniority.