Century Fire & Marine Ins. Corp. *v.* Bank of New England-Bristol County, N.A.

CENTURY FIRE AND MARINE INSURANCE CORPORATION *vs.*
BANK OF NEW ENGLAND-BRISTOL COUNTY, N.A.[1]

Suffolk.   May 4, 1989. — July 17, 1989.

Present: LIACOS, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Letter of Credit. Uniform Commercial Code*, Letter of credit. *Contract,*
Letter of credit. *Limitations, Statute of.*

A letter of credit, as defined by G. L. c. 106, § 5-103 (1) (*a*), is a contract
under Massachusetts law and therefore subject to the six-year statute of
limitations for bringing an action of contract. [422]

In an action commenced in 1987 against a bank for failing to honor a letter
of credit upon the plaintiff's timely demand for payment in 1976, sum-
mary judgment was properly granted the bank where the judge, relying
on the six-year statute of limitations for bringing an action of contract,
determined that the limitation period, which began to run when the bank
dishonored the plaintiff's timely request for payment, expired prior to
the plaintiff's commencement of its action. [422]

CIVIL ACTION commenced in the Superior Court Department
on July 16, 1987.

The case was heard by *John Paul Sullivan*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Alan Garber* for the plaintiff.

*Robert A. Stolzberg* for the defendant.

LYNCH, J. This is an appeal from an order allowing a motion
for summary judgment by the defendant, Bank of New Eng-
land-Bristol County, N.A. (bank), and denying a motion for
summary judgment by the plaintiff, Century Fire and Marine
Insurance Corporation (Century), in an action brought by Cen-
tury against the bank for failure to honor a $25,000 letter of

---

[1] Formerly known as the Fall River National Bank.

405 Mass. 420                                               421

Century Fire & Marine Ins. Corp. *v.* Bank of New England-Bristol County, N.A.

credit issued to Century as security for a bond issued by Century to Transtar, Inc. (Transtar). The issue before us[2] is whether a letter of credit is a contract under Massachusetts law and therefore subject to the six-year statute of limitations for bringing an action of contract, or whether a letter of credit is not a contract and therefore subject to a longer period of limitations, so that Century's action is not time-barred. We transferred the case here on our own motion and now conclude that letters of credit are contracts for purposes of determining the applicable statute of limitations, and that the judge properly granted summary judgment for the bank.

The letter of credit was issued on November 26, 1974, and by its terms would expire at the latest on May 26, 1976. The judge found, and the record reflects, that Century made a timely demand for payment in January, 1976, which was not honored by the bank. The judge found that a second demand was made in December, 1982, which also was not honored. Century brought suit to recover on the letter of credit in July, 1987. Both parties moved for summary judgment. The judge determined that, when the bank dishonored the initial timely request for payment, the statute of limitations began to run. Relying on G. L. c. 260, § 2 (1986 ed.), which provides a six-year limitation period for actions of contract, the judge ruled that the statute of limitations expired prior to Century's commencement of the suit in July, 1987. On appeal, Century argues that summary judgment for the bank was not proper because a letter of credit is not a contract and the appropriate statute of limitations is G. L. c. 260, § 1 (1986 ed.), providing a twenty-year period for actions "upon bills, notes, or other evidences of indebtedness issued by a bank."

---

[2] Century raises for the first time on appeal the issue whether the bank is estopped or has waived its right to require strict compliance with the terms of the letter of credit. An issue not raised or argued below may not be argued for the first time on appeal. *Petition for Revocation of a Judgment for Adoption of a Minor*, 393 Mass. 556, 563 n.12 (1984). Moreover, Century alleged in its reply memorandum on the motion for summary judgment that it made a timely demand which the bank wrongfully dishonored. Upon wrongful dishonor or anticipatory repudiation, the beneficiary of a letter of credit has the remedies set out in G. L. c. 106, § 5-115 (1986 ed.).

It is clear, as Century suggests, that a letter of credit, defined by G. L. c. 106, § 5-103 (1) (*a*) (1986 ed.), as "an engagement by a bank . . . [to] honor drafts or other demands for payment upon compliance with the conditions specified in the credit," is in some respects distinct from common law contract principles. See, e.g., *Data Gen. Corp.* v. *Citizens Nat'l Bank,* 502 F. Supp. 776, 784 (D. Conn. 1980). Nonetheless, and despite the fact that a bank's obligation to pay a beneficiary is independent of the underlying obligation existing between a customer (e.g., Transtar) and the beneficiary (see G. L. c. 106, § 5-109), it is equally clear that the promise by the issuing bank to the beneficiary to honor drafts made upon the letter of credit is a contractual obligation. See *Goodwin Bros. Leasing* v. *Citizens Bank,* 587 F.2d 730, 734 (5th Cir. 1979); *Data Gen. Corp.* v. *Citizens Nat'l Bank, supra* at 780. In analyzing the nature of a letter of credit, one court has reasoned that three separate contracts are involved and that "[t]he letter of credit itself . . . is a contract between the issuing bank and the beneficiary . . . ." *Bank of Newport* v. *First Nat'l Bank & Trust Co.,* 687 F.2d 1257, 1261 (8th Cir. 1982). The official comment to § 5-114 of the Uniform Commercial Code states that a letter of credit is "essentially a contract between the issuer and the beneficiary." Comment to § 5-114 of the Uniform Commercial Code, 2A U.L.A. 260 (Master ed. 1977 & 1989 Supp.). This is in accord with long-standing Massachusetts law. *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 151 (1923). We see nothing in the Uniform Commercial Code, or in cases decided under it, which requires us to conclude otherwise.

*Judgment affirmed.*