Froio Management Group, Inc. (Froio), and Washington Street Enterprises, LLC (WSE), appeal from a Land Court judgment, arguing error in the denial of their motion for summary judgment and the allowance of Bargain Discount Markets, Inc.'s (BDM), cross motion for summary judgment. We affirm.
Background. In 1991, Dunn River Associates (Dunn) leased a portion of a commercial property (Dunn River Office Center) to Froio. Pursuant to the Froio lease, Dunn provided Froio with a right of first refusal to purchase the Dunn River Office Center on the same terms and conditions as any bona fide offer received by Dunn from a third party during the lease term.[3] In 2009, Dunn entered into a lease with BDM to lease a different portion (BDM premises) of the Dunn River Office Center. The BDM lease gave BDM an option, exercisable in 2017 and 2018, to purchase the BDM premises for the greater of $10 million or the appraised value of the BDM premises. The BDM lease expressly provided that BDM's option was "subject to" Froio's prior right of first refusal to purchase the Dunn River Office Center, which included the BDM premises.[4]
In 2012, Dunn received a third-party offer to purchase the Dunn River Office Center. Pursuant to Froio's right of first refusal, Dunn notified Froio, and offered to sell the property to Froio. Froio agreed and entered into a purchase and sale agreement with Dunn. Froio assigned its rights under the purchase and sale agreement to WSE-a new entity created by Froio's principals. WSE took title to the property, with Froio and BDM remaining tenants.
In 2015, BDM informed WSE that it intended to exercise its option under the BDM lease to purchase the BDM premises when the option ripened in 2017. WSE responded, taking the position that because Froio's right of first refusal was "still in full force and effect[,] ... the attempted exercise of BDM's option to purchase under its lease would trigger Froio's prior and absolute right to purchase BDM's premises." WSE asked BDM to confirm its understanding that Froio's right of first refusal was superior to BDM's option in writing, which BDM did not do.
Asserting that "BDM's refusal to acknowledge Froio's right of first refusal to purchase the premises is causing real and substantial harm," Froio and WSE filed the present action in September, 2015, seeking a declaratory judgment "that Froio has a valid right of first refusal to purchase the [BDM premises] at the price and subject to any proposed sale to a third party, including an offer to purchase by BDM." In May and June, 2016, the parties filed cross motions for summary judgment. Consistent with their prelitigation position and the declaratory relief sought in the complaint, WSE and Froio argued that "as [a] matter of law Froio's right of first refusal remains in full force and effect under the unambiguous terms of its lease with WSE," and "as a matter of law, BDM cannot use its option to override Froio's pre-existing and superior right." The judge denied WSE and Froio's motion, and allowed BDM's cross motion, holding that because Froio had exercised its right of first refusal, that right "is of no further force and effect and that BDM's option to purchase the BDM Premises is no longer subject to Froio's right of first refusal."
Discussion. On appeal, WSE and Froio concede that the right of first refusal was extinguished when it was exercised by Froio in connection with the purchase of the Dunn River Office Center from Dunn. Instead, WSE and Froio argue for the first time that when Froio exercised its right of first refusal, BDM's option was extinguished. We need not address the merits of this new argument because, having not been raised previously, it is waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting from Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal"). See also Zielinski v. Connecticut Valley Sanitary Waste Disposal, Inc., 70 Mass. App. Ct. 326, 336 (2007), quoting from Wynn & Wynn, P.C. v. Massachusetts Commn. Against Discrimination, 431 Mass. 655, 674 (2000) ("[C]laims-however meritorious-that have not been raised in the trial court are deemed to have been waived on appeal").
Judgment affirmed.

Specifically, Dunn agreed, during the term of the lease and its extensions, not to sell the Dunn River Office Center to any third party:
"unless ... (i) [Dunn] has received a bona fide offer to purchase the [Dunn River Office Center]; (ii) [Dunn] has given [Froio] written notice stating the name and address of the offeror and all terms and conditions of said offer, and containing an offer by [Dunn] to [Froio] to sell the same upon the same terms and conditions as set forth in the bona fide offer ... and (iii) [Froio] has not, within thirty (30) days of receiving said offer, responded to [Dunn] that it agrees to purchase the same in accordance with the terms of said offer."

The BDM lease provided:
"During the ninth and tenth year of the lease, [BDM] shall have the option to purchase the [BDM leased premises] for the greater of the following two amounts:
(a) Ten Million Dollars ($10,000,000), or
(b) appraised value pursuant to an agreed upon appraisal .... This option right is subject to the prior right of first refusal to purchase the entire parcel of land owned by [Dunn] (including the [BDM leased] Premises) and which prior right of first refusal is held by [Froio] located adjacent to the [BDM leased premises]."