The plaintiff, Ditech Financial, LLC (Ditech),[4] appeals from a Land Court order denying its motion to amend the judgment requesting equitable subrogation of a 2007 mortgage granted by the defendant Khambao Svankham Kennedy to the record position of a 2003 mortgage. We affirm.[5]
Background. In 1987, Kennedy purchased a property in Southbridge (property) for $95,000. To finance the purchase, she took out a loan (1987 loan), which was secured by a first mortgage (1987 mortgage) on the property. In 2003, Kennedy refinanced the 1987 loan, borrowed $170,000, discharged the 1987 mortgage, and granted a new first mortgage (2003 mortgage) on the property. In April 2004, Kennedy deeded the property (subject to the 2003 mortgage) to herself and her two children, Sengsouvanny and Joseph, as joint tenants with rights of survivorship. The deed was recorded in the Registry of Deeds.[6]
In 2007, Kennedy refinanced the property again. She borrowed $184,500 from Ditech and executed a note in her name only, secured by a mortgage to Ditech (2007 mortgage) in which she alone was listed as the mortgagor. Although Ditech received a title report listing Sengsouvanny and Joseph as joint owners of the property along with Kennedy, Ditech prepared the closing documents (including the 2007 mortgage) and did not list either Sengsouvanny or Joseph as co-mortgagors on the 2007 mortgage. Ditech was represented by counsel during the closing; however, Kennedy, who is not fluent in English, was not. Kennedy used the proceeds of the 2007 loan, inter alia, to satisfy the balance of the 2003 loan and discharge the 2003 mortgage.
In 2010, Kennedy lost her job and defaulted on the 2007 loan. In December, 2011, Ditech filed a three-count complaint in the Land Court against Kennedy, Sengsouvanny, and Joseph based on the doctrine of mutual mistake. The case proceeded to a bench trial, during which the trial judge suggested to the parties that the theory of equitable subrogation, not pleaded by Ditech, might apply. He set a deadline for posttrial submissions, inviting the parties to address the issue of equitable subrogation. Ditech did not move to amend its complaint to add a claim for equitable subrogation. Neither party made any submissions within the deadline. Thereafter, the trial judge entered judgment against Ditech, declining to address the merits of a claim for equitable subrogation because Ditech neither amended its complaint to seek such relief even after the trial judge raised the issue, nor presented evidence to support such a claim.
Subsequently, Ditech filed a motion to amend the judgment pursuant to Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), seeking reconsideration of the portion of the judge's decision concerning equitable subrogation. As grounds for its motion, Ditech stated that, on the day of the deadline for posttrial submissions, it had sent, by electronic mail message (e-mail), a written submission briefing the issue of equitable subrogation. Because e-mail filing is not permitted in the Land Court, the submission was untimely.[7] Nevertheless, the trial judge treated the motion to amend the judgment in part as a motion to allow late filing of the written submission, which he allowed. Addressing the issue of equitable subrogation, the trial judge denied the motion to amend the judgment on the basis that Ditech failed to offer evidence at trial from which to conclude that subrogation would not work an injustice to Sengsouvanny and Joseph. This appeal followed.
Discussion. We review a judge's decision to deny a motion to amend judgment pursuant to Mass.R.Civ.P. 59(e) for abuse of discretion. R.W. Granger & Sons, Inc. v. J & S Insulation, Inc., 435 Mass. 66, 79 (2001). An abuse of discretion occurs only where the judge "made 'a clear error of judgment in weighing' the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citation omitted). Here, we discern no such abuse.
The remedy of equitable subrogation "is a broad equitable remedy." East Boston Sav. Bank v. Ogan, 428 Mass. 327, 330 (1998) (Ogan ) (quotation omitted). In Ogan, the Supreme Judicial Court set forth five factors that should be considered to determine whether the doctrine of equitable subrogation should be applied: "(1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder."[8] Ibid. (footnote and quotation omitted). Additionally, in determining whether the doctrine should be applied, we are guided by "the purpose of equitable subrogation[, which] is to prevent unjust enrichment." Wells Fargo Bank, N.A. v. Comeau, 92 Mass. App. Ct. 462, 468 (2017).
Here, our analysis is informed by the fact that Ditech did not amend its complaint to include a claim for equitable subrogation, choosing instead to press its claims against the defendants on the basis of the doctrine of mutual mistake. It is not surprising therefore that Ditech's evidence did not establish its entitlement to the remedy of equitable subrogation. Thus, for example, the evidence showed that in executing the 2007 mortgage, Ditech was on notice that Sengsouvanny and Joseph (in addition to Kennedy) held title to the property. Indeed, the 2007 mortgage document, which Ditech prepared, states that Ditech took the mortgage subject to any encumbrances of record. Furthermore, the evidence does not show an impediment that would preclude Ditech from pursuing a claim directly against Kennedy and her interest in the property. Additionally, the evidence is only that the 2007 refinancing extinguished Kennedy's liability on the 2003 note; neither Sengsouvanny nor Joseph is a signatory to the 2003 note. Nothing in the record shows any misconduct by Sengsouvanny or Joseph. On this record, the trial judge did not abuse his discretion in denying the motion to amend the judgment. See, e.g., ibid.
Judgment affirmed.
Order denying motion to amend judgment affirmed.

The original complaint was filed by BAC Home Loans Servicing, LP (BAC) and BSM Financial, LP (BSM). They assigned the 2007 mortgage to a separate entity, which, after a merger, became Ditech. While the appeal was pending, BAC and BSM filed in the Land Court a motion to substitute Ditech for BAC and BSM, which was allowed. We will refer to each of BAC, BSM, and Ditech as Ditech.

Ditech's notice of appeal states that it is appealing from both the judgment and the order denying its motion to amend the judgment. The judgment denied Ditech's claims, based on the doctrine of mutual mistake, to reform the 2007 mortgage to include all the record property owners, to declare it holds a valid first mortgage from all the record property owners, and to quiet title to include all the record property owners as mortgagers. As Ditech did not advance any arguments regarding the judgment in its brief, we decline to address them. See Mass.R.A.P. 16(a )(4), as amended, 367 Mass. 921 (1975) ("The appellate court need not pass upon questions or issues not argued in the brief").

Ditech argues for the first time on appeal that Sengsouvanny's and Joseph's interests are encumbered by the 2007 mortgage because they did not accept Kennedy's conveyance of the deed until after she executed the 2007 mortgage. We need not address the merits of this argument because, having not been raised previously, it is waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting from Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").

Ditech further stated that on that same day, it also had mailed the written submission to the court. The trial judge credited Ditech's assertion, but determined that the mailed submission was likewise untimely.

The trial judge found that Ditech satisfied the first four elements because Ditech (1) paid the 2003 mortgage to protect its own interest in the property, (2) did not do so as a volunteer, (3) was not primarily liable for the 2003 mortgage that it paid off, and (4) paid off the entire 2003 mortgage.