Following a hearing before a hearing examiner of the Sex Offender Registry Board (SORB), Doe was classified as a level three sex offender. He appealed this classification to a judge of the Superior Court and moved for judgment on the pleadings. The judge denied Doe's motion and affirmed SORB's decision. Doe appeals, claiming that the hearing examiner abused his discretion by considering an unsubstantiated Department of Children and Families (DCF) report compiled five years earlier as newly discovered evidence. He also claims that SORB's decision to classify Doe as a level three sex offender was not supported by substantial evidence. We affirm.
1. Newly discovered evidence. First, Doe claims that the hearing examiner erred in allowing SORB to reopen the record after the classification hearing in order to submit newly discovered evidence: a 2010 DCF report containing information related to an incident in which Doe sexually assaulted another victim in a similar manner as the 2014 assault to which Doe pleaded guilty. We disagree. Because Doe failed to raise the argument that the 2010 report does not constitute newly discovered evidence before both the hearing examiner and the Superior Court judge, it is waived.
In his complaint for judicial review, Doe requested that the judge set aside SORB's decision on a variety of bases, not one of which claimed the DCF report was not new evidence. Instead, in his memorandum of law in support of his motion for judgment on the pleadings, Doe asserted that the report should not have been considered because DCF found that it was unsubstantiated, not because it did not constitute new evidence.[2] The judge denied Doe's motion. In particular, the judge concluded that "the Examiner's reliance on Victim 1's allegation [contained in the 2010 report] is supported by substantial evidence, and was within the Examiner's discretion." The judge therefore had no opportunity to rule on the issue Doe brings before us. As such, we do not consider it.[3] Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989).
2. Substantial evidence. Doe next argues that SORB's classification was not supported by substantial evidence because, if the earlier DCF report is struck and Doe can no longer be characterized as exhibiting "repetitive and compulsive behavior," then his conduct demonstrating rehabilitation sufficiently mitigates the remaining factors. We conclude that substantial evidence supported the classification.
It is well settled that "[a] hearing examiner 'need not observe the rules of evidence observed by courts' at a classification hearing." Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015), quoting from G. L. c. 30A, § 11(2), inserted by St. 1954, § 681, § 1. "He may admit and give probative effect to that evidence [upon] 'which reasonable persons are accustomed to rely in the conduct of serious affairs.' " Ibid. So long as the hearing examiner assessed the reliability of the exhibits and, in the case of hearsay or multilevel hearsay statements, the circumstances under which the statements were made, such exhibits may form the basis of SORB's classification. Id. at 76-77. These may include disciplinary reports of a prisoner, police reports of acquitted conduct, see id. at 77-80, and, as here, reports compiled by DCF in response to an allegation it later deemed unsupported.
DCF found the 2010 allegations unsupported. The hearing examiner, however, found that Doe did sexually assault the 2010 victim because (1) the victim's statements "to her mother and the DCF worker were detailed and credible"; (2) the victim provided details that explained "where the sexual acts took place and where [Doe's] wife was at the times of the assaults," and also recalled statements Doe made during the assaults; and (3) the 2010 and 2014 allegations "follow a very similar pattern," making the 2010 allegations "more credible and further bolstered by" the 2014 crimes. The hearing examiner's findings demonstrate that he properly assessed the reliability of the DCF report, considering the statements and level of detail provided in the 2010 allegations. It was not error for the hearing examiner to consider the 2010 report.
Furthermore, the 2010 report justified the examiner's application of the aggravating factor "repetitive and compulsive behavior." In support of the examiner applying full weight to this factor, he considered the multiple incidents described in the 2010 allegation as well as the 2014 offense. Although the examiner found several risk mitigating factors applied, it was within his discretion to determine that the aggravating factors, on the whole, outweighed the mitigating factors sufficient to justify classifying Doe as a level three sex offender. See Doe, Sex Offender Registry Bd. No. 291554 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 210, 212 (2015) (hearing examiner has discretion to consider which regulatory factors apply and how much weight to give each factor). Therefore, the examiner's decision was supported by substantial evidence in the record and, accordingly, we find no error in the judgment.[4]
Judgment affirmed.

The three grounds on which Doe challenged the examiner's decision were (1) that the hearing examiner's conclusions regarding his classification level were unsupported by substantial evidence; (2) that SORB committed errors of law, abused its discretion, and/or acted in an arbitrary and capricious manner in classifying Doe -- specifically, by accepting a report of an unsubstantiated allegation; and (3) that SORB's decision violated his State and Federal constitutional rights.

Doe directs our attention, through a letter sent after oral argument pursuant to Mass.R.A.P. 16(l), as amended, 386 Mass. 1247 (1982), to a recent Supreme Judicial Court case dealing with waiver in sexual dangerousness proceedings. See R.B., petitioner, 479 Mass. 712 (2018). This new authority does not apply to the case before us because there is a fundamental difference between a quasi-criminal hearing to determine sexual dangerousness, which can potentially result in a one day to life commitment, and a civil administrative hearing to classify a previously convicted sex offender. See Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 646 (2012) (proceedings related to classification and registration under sex offender registry law are not criminal in nature). We therefore need not apply "the same standard governing [unpreserved issues in] criminal cases: review for a substantial risk of a miscarriage of justice" as would be appropriate in an appeal from a determination of sexual dangerousness. R.B., petitioner, supra at 717-718.

We have considered the remainder of Doe's claims and find nothing that warrants further discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).