This is one of several actions arising out of damage to the plaintiff's commercial fishing vessel in the South Seas. In this legal malpractice action, the plaintiff appeals from a summary judgment entered in favor of the defendant. The motion judge ruled that the plaintiff's claims were time-barred. We agree and accordingly, we affirm.[3]
Background. Kiribati Seafood Company, LLC (Kiribati), filed this action on September 8, 2014. In its nine-count amended complaint, Kiribati sought to recoup from the defendant, M. Delacy Crovo (Delacy), the costs of a receivership that ran from July 2, 2010, through June 26, 2013, under the oversight of a Washington State court.[4] The receivership was imposed as a result of Kiribati's failure to comply with an order requiring it to transfer certain settlement proceeds (Tahiti proceeds) into the court registry.[5] Serving as a conduit, Delacy, a Massachusetts attorney, had convinced Kiribati's counsel in France, Dechert, LLP (Dechert), to wire $671,876.51 of the proceeds into her IOLTA account. In her defense, Delacy averred under the pains and penalties of perjury that as directed by her brother Charles, she had distributed the Tahiti proceeds to two trusts before learning of the transfer order on June 30, 2010.[6] Charles averred that the two trusts were bona fide creditors of Kiribati and that neither he nor Larry had any interest in those trusts. Charles and Larry both assured Coscia that when Delacy paid out the money, "she was unaware of the court order and that she had done nothing wrong."
The receiver expended significant sums of money tracing and recovering funds. At the end of the day, Kirabati paid the money it owed to the Seattle firm as well as a substantial amount incurred in connection with the receivership. On July 1, 2013, Kiribati, co-managed by Nicholas Coscia, sued Dechert for, among other actions, releasing the Tahiti proceeds to Delacy. See Kiribati Seafood Co., LLC v. Dechert LLP, 478 Mass. 111 (2017). Kiribati elected not to add Delacy as a defendant in that action (or to bring a separate action against her, which, all parties agree, would have been timely filed).
Discussion. At summary judgment, Kiribati argued unsuccessfully that its negligence and contract-based malpractice claims were timely under the discovery rule, which in its view accrued on February 8, 2012, the date of Coscia's deposition in the Washington action. We fully agree with the judge's analysis of the limitations issue as it was presented to her. See Frankston v. Denniston, 74 Mass. App. Ct. 366, 373 (2009). On appeal, Kiribati presses a different claim and standard. Kiribati now focuses exclusively on its breach of fiduciary duty claim, maintaining that under the more exacting actual knowledge standard, the breach of fiduciary duty claim was timely. See Lattuca v. Robsham, 442 Mass. 205, 213 (2004) ; Doe v. Harbor Sch., Inc., 446 Mass. 245, 254-257 (2006). "An issue not raised or argued below may not be argued for the first time on appeal." Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989).
In any event, were we to reach the merits, we would conclude that the breach of fiduciary duty claim accrued no later than late June, 2011. At this point, Kiribati acquired actual knowledge of Delacy's disbursals and violation of the transfer order, the bases of the breach of fiduciary claim for which damages are sought in this case.[7] Filed more than three years after actual knowledge of the injury at Delacy's hands was acquired, Kiribati's breach of fiduciary duty claim was untimely.
Additionally, Kiribati has provided no basis for equitable tolling in this case. As the judge noted, the general rule is that the appointment of a receiver does not toll the running of the limitations period. See Commissioner of Ins. v. Bristol Mut. Liab. Ins. Co., 279 Mass. 325, 328 (1932). Kiribati argues that where, as here, the receiver was a "custodial" receiver under Washington statutory law, he lacked the authority to bring a breach of fiduciary claim against Delacy. However, in the summary judgment record and at the oral argument on the motion for summary judgment, Kiribati agreed that pursuant to the court's appointment order, the receiver could have filed an action against Delacy. Having failed to raise the lack of authority argument below, Kiribati may not raise it here. See Century Fire & Marine Ins. Corp., 405 Mass. at 421 n.2.
We also conclude, as did the judge, that the adverse domination doctrine may not be applied to extend the limitations period. See Aiello v. Aiello, 447 Mass. 388, 401-406 (2006). Although Charles, the "culpable" party, may have controlled Kiribati, once the receiver was appointed, Charles lacked the authority to act on behalf of the corporation. The receiver was a disinterested officer of the court, and not a corporate wrongdoer. There are no facts of record showing that the receiver refused to allow Kiribati to protect its interests. In fact, Coscia, put on notice of Delacy's wrongdoing, did not ask the receiver to bring an action against Delacy on behalf of Kiribati. Nor did he petition the court to bring the action himself. As Coscia admitted, "[t]here is no reason to believe that such a request would have been denied." The requirements of the doctrine, as a matter of law, were not met.
The judgment, as amended on March 3, 2017, is affirmed. The order denying Kiribati's motion for reconsideration is affirmed.
So ordered.
Affirmed.

Regardless of how they are cast, all legal malpractice claims are subject to a three-year limitation period. See G. L. c. 260, § 4 ; Hodas v. Sherburne, Powers & Needham, P.C., 938 F. Supp. 58, 59 (D. Mass. 1996). On appeal, Kiribati advances arguments solely with respect to its breach of fiduciary duty claim (count VIII). All other substantive claims, as well as Kiribati's separate appeal from the order denying its motion for reconsideration, are deemed waived. See Abate v. Fremont Inv. & Loan, 470 Mass. 821, 833 (2015).

There are three members of the Crovo family whose actions are relevant to this appeal: the defendant (Delacy), her brother Charles, and their father, Larry. To avoid confusion, hereinafter we shall refer to each by first name. From 2010 until March, 2012, Charles was the controlling member of Kiribati, while Nicholas Coscia was the minority shareholder. At that time, Charles lost his interest in Kiribati, through foreclosure, to a third party. Larry served as Kiribati's representative in the Tahiti litigation.

A Seattle law firm, MWW, PLLC (MWW), filed suit against Kiribati to establish an attorney's fee lien on the Tahiti proceeds. A Washington judge ordered Kiribati to deliver $581,434 of the Tahiti proceeds into the court registry by June 25, 2010 (transfer order). In its motion seeking the appointment of a receiver, MWW accused Charles and Coscia of perpetrating a "pretty clear fraud" to get the money into their control.

Coscia, an attorney, participated in the opposition to the appointment of the receiver.

In his second report dated June 29, 2011, the receiver disclosed, as herein relevant, that Delacy (1) made several distributions of the Tahiti proceeds to Charles personally and to his companies, including one made on July 1, 2010; (2) obtained a treasurer's check in the amount of $426,000 from her IOLTA account payable to "Jeffrey Parker"; and (3) continued to hold $1,022.57 of Tahiti proceeds in her IOLTA account despite the receiver's demand for a return of the money. The receiver also informed the court that (1) much of the money distributed by Delacy to Charles could not be traced; (2) some of the Tahiti proceeds belonging to Kiribati were used to pay off a personal judgment against Charles; and (3) he had commenced adjunct litigation against Charles and Coscia, seeking damages in the amount of the proceeds transferred to Delacy. The receiver's report was provided to Coscia at the time it was issued. The disposition of the adjunct litigation is not revealed on this record.