John Evans, a prisoner in custody at the Massachusetts Correctional Institute at Norfolk (MCI-Norfolk), filed this pro se action seeking monetary damages arising from the loss by correctional staff of his religious medallion. Following a hearing, a Superior Court judge allowed the defendants' motion under Mass. R. Civ. P. 12 (b ) (6), 365 Mass. 754 (1974), to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted. On appeal, Evans argues that the judge's dismissal was improper because the Department of Correction (DOC), failed to honor its obligation to safeguard his property. We affirm for the reasons discussed below.
Background. As alleged, Evans owned a religious medallion and associated chain. Evans requested that the DOC hold his jewelry in its property safe. The DOC approved Evans's request, and placed the jewelry in a safe on August 11, 2011. In 2012, prison staff informed Evans that his medallion and chain were missing. The DOC eventually recovered Evans's chain but not the medallion. Evans filed a grievance with the DOC regarding the missing medallion. The DOC allowed Evans's grievance in substantial part and offered to reimburse him fifty dollars. Evans, dissatisfied with the DOC's offer, filed this negligence and civil rights action.
Discussion. Pursuant to Mass. R. Civ. P. 12 (b ) (6), the court may dismiss a complaint that fails to "state a claim upon which relief can be granted." On appeal, the court considers a 12 (b ) (6) ruling de novo, and takes all allegations as true, drawing reasonable inferences in the plaintiff's favor. See Iannacchino v. Ford, 451 Mass. 623, 626 n.7 (2008). Accordingly, the court should dismiss a complaint only if there are no provable facts entitling the plaintiff to relief. See id.
In general, a plaintiff may not sue a branch of the Commonwealth unless that branch waives its sovereign immunity, although a plaintiff may sue a State official in his or her individual capacity. See O'Malley v. Sheriff of Worcester County, 415 Mass. 132, 141 n.13 (1993) ("to avoid a State's sovereign immunity to a damages suit, a plaintiff must sue the State official in his individual and not his official capacity"); Vining v. Commonwealth, 63 Mass. App. Ct. 690, 690-692 (2005) (emphasizing sovereign immunity). Here, Evans argues that the DOC negligently secured his religious chain and medallion in the prison. Evans does not allege that any of the defendants from the DOC acted in anything other than their official capacities. See O'Malley, supra.
Accordingly, Evans's claim could only proceed, if at all, under the Massachusetts Tort Claims Act (Act), G. L. c. 258.[3] Under the Act, "public employers shall be liable for ... loss of property ... caused by the negligent or wrongful act or omission of any public employee ... in the same manner and to the same extent as a private individual under like circumstances." G. L. c. 258, § 2. The Act, however, specifically bars claims arising "out of an intentional tort," as well as claims arising out of the "lawful detention of any goods or merchandise by any law enforcement officer." G. L. c. 258, § 10 (c ) - (d ). Courts have interpreted "law enforcement officer" broadly to include court officers and correction officers. See Vining v. Commonwealth, 63 Mass. App. Ct. at 694-695. Consequently, when "property is lost as a result of negligence of [correction] officers, the Commonwealth is immune because any such loss arose in relation to or out of the lawful detention of property by law enforcement officers." Id. at 695.
Here, Evans first argues that "staffs [sic ] carelessness of leaving the safe open and unattended" caused the loss of his medallion. Given that the Commonwealth is immune from suits arising from the negligence of correction officers, which would include the staff at MCI-Norfolk, for claims arising out of the lawful detention of any goods, which would include the storage of Evans's medallion, § 10 of the Act would bar Evans's claim. See G. L. c. 258, § 10 (d ) ; Vining, 63 Mass. App. at 695.
Additionally, Evans argues that another inmate "stole[ ]" his medallion from a safe in MCI-Norfolk. An intentional theft is an "intentional tort" under § 10 (c ) of the Act, therefore this section of the Act would also bar Evans's claim. See G. L. c. 258, § 10 (c ).
If for no other reason, see Vining, supra (Act "supersedes any contradictory law"), Evans's attempt to recast his claim as one for breach of contract is waived, because he did not assert a contract claim either in his complaint, or at the hearing on the motion to dismiss. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (noting "issue not raised or argued below may not be argued for the first time on appeal"). Evans may not assert this breach of contract claim for the first time on appeal. See id.
To the extent we have not specifically commented, we have considered and found Evans's remaining arguments to be without merit. See Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004). We affirm the judgment dismissing Evan's complaint.
So ordered.
Affirmed.

Evans also appears to argue that the DOC deprived him of his civil rights, in violation of 42 U.S.C. § 1983 (2012). However, Daniels v. Williams, 474 U.S. 327, 328 (1986), held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of ... property."