NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1142

COMMONWEALTH

vs.

W.S.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of his petition to seal, pursuant to G. L. c. 276, § 100C, District Court charges of stalking and rape. On appeal, the defendant claims that his petition established good cause for sealing and that it was an abuse of discretion for the judge to have denied it.[1] We affirm.

We review a judge's decision to deny a defendant's petition to seal his criminal record for an abuse of discretion. Commonwealth v. Pon, 469 Mass. 296, 297 (2014). To establish such an abuse, the defendant must demonstrate that the judge "made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range

---

[1] The defendant mistakenly claims that the judge allowed a previously-filed motion to reconsider, which permitted the two charges at issue to be sealed. What the judge allowed was a motion to correct a docket entry.

of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

On January 27, 2022, the defendant petitioned to seal his rape and stalking charges under G. L. c. 276, § 100C, second par. He claimed that under the revised standard for sealing articulated in Pon, 469 Mass. at 313, the dismissed charges "do not serve any criminal justice purpose" and should be sealed "to protect the defendant's privacy, and to avoid potential negative consequences, inter alia, with respect to housing, employment, and loan applications." We disagree.

In Pon, 469 Mass. at 316, the Supreme Judicial Court enumerated six factors for judges to weigh when presented with a petition to seal:

> "[J]udges should evaluate [1] the particular disadvantages identified by the defendant arising from the availability of the criminal record; [2] evidence of rehabilitation suggesting that the defendant could overcome these disadvantages if the record were sealed; [3] any other evidence that sealing would alleviate the identified disadvantages; [4] relevant circumstances of the defendant at the time of the offense that suggest a likelihood of recidivism or of success; [5] the passage of time since the offense and since the dismissal or nolle prosequi; and [6] the nature of and reasons for the particular disposition."

Here, the defendant addressed only three of the six factors, and did not argue factors two, three, or four.

Relative to factor one, the judge found that the defendant had failed to establish an identified disadvantage as to either dismissed charge, noting that the defendant was "still

2

incarcerated for [the] current charge."  Specific to his rape charge, the defendant was convicted in Superior Court after being indicted, and sealing the dismissed District Court charges does not change that equation.

As to the dismissed stalking charge, a different panel of this court held in a prior appeal, before Pon was decided, that the judge properly denied the defendant's prior petition to seal that charge.  The panel noted that

> "It is clear from the excerpts of the trial transcript that there was evidence at the rape trial that the defendant in fact stalked the victim, indicating that the decision not to indict on the stalking charge was one of strategy. . . . Even more to the point, the defendant has advanced nothing (beyond unsupported speculation) remotely close to the risk of specific harm that must be shown in order for the judge to consider sealing his record.  Indeed, we have difficulty identifying the harm the defendant might face absent sealing, given the lengthy prison sentence he is serving on the rape conviction."

Commonwealth v. Santiago, 65 Mass. App. Ct. 1117 (2006).  The defendant has offered nothing beyond speculation, which does not

change the prior panel's conclusion,[2] even when reviewed under the revised Pon standard for good cause.[3]

Relative to factor five, the judge noted that the defendant was still incarcerated, but the Commonwealth concedes that, although not determinative, the passage of time since the offense did weigh in favor of sealing.  Finally, relative to factor six, and contrary to the defendant's claim, the dismissed stalking charge was supported by probable cause, as a panel of this court concluded in the prior appeal.  In the end, the judge's weighing of the factors and his denial of the petition

---

[2] The defendant has expressed a concern that his dismissed stalking charge could bar him from obtaining a license as a "barber, gas fitter, home inspector, psychologist, mental health counselor, electrician, or any other professions licensed by the Division of Professional Licensure."  But he offers no credible reason why the dismissed stalking charge would plausibly prove an obstacle in this regard where he has two rape convictions and a prior stalking conviction.  See Pon, 469 Mass. at 316-317.

[3] For the first time on appeal, the defendant claims that his sex offender status prevents him from stepping down to a minimum security facility or a halfway house.  This claim is waived. See Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").  Even if it were not waived, the defendant has been deemed a sex offender as a result of his two Superior Court rape convictions, not his dismissed District Court rape and stalking charges.

4

to seal fell comfortably inside the range of reasonable alternatives. See L.L., 470 Mass. at 185 n.27.[4]

> Order denying petition to
>  seal affirmed.
>
> By the Court (Meade,
>  Hershfang & D'Angelo, JJ.[5]),
>
> *Joseph F. Stanton*
>
> Clerk

Entered: October 5, 2023.

---

[4] To the extent that the defendant's additional claims rise to the level of appellate argument, we find nothing in them that warrants discussion. See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[5] The panelists are listed in order of seniority.