NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-582

SAI DARAVANH

vs.

REBECCA AMARAL, conservator.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint in equity in the Probate and Family Court against the defendant for (1) money had and received and (2) gift causa mortis.  The plaintiff appeals from the dismissal of her claim for money had and received[2] and the denial of her motion for summary judgment.  We affirm the dismissal and thus do not reach the issue of summary judgment.

Background.  We recite the undisputed facts, drawn from the complaint and elsewhere in the record.  The plaintiff lived with her partner, Donald J. Swanbon, from 2012 until his death in

_____

[1] Of Donald J. Swanbon.

[2] The plaintiff does not raise the issue of the dismissal of her second claim, gift causa mortis, so we do not address it.

2023.  In 2014, Swanbon listed the plaintiff as his sole beneficiary on his Individual Retirement Account (IRA), which was managed by Edward Jones Investments (Edward Jones).  In February 2022, the defendant was appointed Swanbon's conservator.  Beginning in or around October of that year, the defendant began the process of withdrawing $75,000 in funds from Swanbon's IRA to cover home hospice care and medical expenses.  On December 30, 2022, Edward Jones initiated the transfer of funds to the defendant's conservator account with Rollstone Bank & Trust (Rollstone account).

On January 1, 2023, before the funds were credited into the defendant's account, much less expended for Swanbon's care, Swanbon passed away at his home.  Two days later, on January 3, 2023, the funds were credited into the Rollstone account.  A judge of the Probate and Family Court appointed a temporary special personal representative for Swanbon's estate, and the defendant completed a first and final accounting of all assets to be transferred to the estate.  The remaining balance of Swanbon's IRA was paid directly to the plaintiff as the account's beneficiary.

The plaintiff, claiming that the unspent $75,000 held in the Rollstone account belonged to her as the beneficiary of the IRA, demanded that the defendant turn over the funds directly to her.  When this did not occur, the plaintiff filed suit against

2

the defendant in equity for (1) money had and received and (2) gift causa mortis. The plaintiff moved for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), seeking title to the $75,000 that had been withdrawn from the IRA to cover Swanbon's hospice care, but, due to his death, was never expended. The defendant subsequently filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and for failure to include Swanbon's estate as a necessary party pursuant to Mass. R. Civ. P. 12 (b) (7), 365 Mass. 754 (1974).

After a hearing, the judge denied the plaintiff's motion for summary judgment and allowed the defendant's motion to dismiss the complaint without prejudice. In a written decision, the judge reasoned that the defendant's fiduciary duty and powers as conservator had terminated on Swanbon's death and, as a result, the defendant had no authority over the funds. Moreover, the judge found that, although the disbursed funds were never spent for hospice care, they were still withdrawn from the Edward Jones account while Swanbon was alive, and thus not subject to disbursement to the plaintiff. Finally, the judge reasoned that while the plaintiff may be able to establish herself as a creditor against the estate, the amended complaint

sought judgment against the past conservator (the defendant) and not the personal representative of Swanbon's estate.

Discussion.  We first review the judge's dismissal of the plaintiff's complaint pursuant to Mass. R. Civ. P. 12 (b) (7) for failure to include Swanbon's estate as a necessary party.[3]  A party is considered necessary when, in their absence, "complete relief cannot be accorded among those already parties." Mass. R. Civ. P. 19 (a), 365 Mass. 765 (1974).  "Generally, a court will not proceed to a final determination without an indispensable party."  Guardianship of Wilson, 496 Mass. 60, 64 (2025).  "Parties are indispensable when their interests in the subject matter of the suit, and in the relief sought, are so bound up with that of the other parties, that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed" (quotation and citation omitted).  Id.

Here, the relief the plaintiff seeks would affect the rights of nonparties significantly, such that their presence in the proceeding is an absolute necessity.  The factual allegation

---

[3] The plaintiff also argues that the judge erred in dismissing her complaint under Mass. R. Civ. P. 12 (b) (7) because the special personal representative cannot be a necessary party to the action when his powers over the estate were limited and he never entered an appearance on the complaint.  This argument is not persuasive because the person identified in the judge's order represented Swanbon's estate, not the temporarily appointed special personal representative.

4

that forms the basis for the plaintiff's theory of recovery is that Swanbon died prior to the disbursal of the funds from the IRA account. She argues that she is "entitled thereto" to the funds, and that the defendant should have transferred them to her pursuant to G. L. c. 190B, § 5-424 (e).[4] That subsection states, "If a protected person dies, the conservator shall . . . retain the estate for delivery to a duly appointed personal representative of the decedent or other persons entitled thereto." G. L. c. 190B, § 5-424 (e).[5]

Our courts have not had occasion to determine who qualifies as a "person entitled thereto," under the statute, but we need not reach this question. In order to determine whether the defendant was required to deliver the funds in question to the

---

[4] We note that the plaintiff, who was represented by counsel, entered into a binding agreement with Swanbon's heirs regarding the division of the estate. The agreement was detailed and specific, and it included the resolution of such items as the distribution of the proceeds from the sale of Swanbon's home, reimbursement for funeral expenses, and title to personal items and vehicles. In that agreement the plaintiff agreed that if the current motion for summary judgment was not allowed, "any monies that remain in question and retrieved will be considered property of the estate. The estate may become a party to that action if it so chooses."

[5] We note here the paradox inherent in the plaintiff's argument. Subsection (e) gives the conservator the obligation to deliver the estate. If the funds became part of the estate, they were no longer part of the IRA, and the plaintiff had no claim to them. If the funds remained outside the estate, the defendant had no authority to deliver them to anyone under § 5-424 (e).

5

plaintiff, the lower court would first need to determine whether the plaintiff was "entitled" to them.[6]  This determination would affect the rights of the estate, which presently stands to receive the funds.  As such, it is a necessary party to any such action.  See Guardianship of Wilson, 496 Mass. at 64.[7]  Complete relief cannot be accorded among the current parties because the plaintiff's dispute is with the estate, while the defendant has no legal interest in the funds.  See G. L. c. 190B, § 429 (d).[8]

Next, the plaintiff claims that dismissal was not warranted because the defendant improperly altered the estate plan without permission from the Probate and Family Court when she withdrew the funds from the IRA.  She argues that G. L. c. 190B, § 5-426, required the conservator to seek the Probate Court's approval before transferring the funds from Swanbon's IRA.  We are not persuaded.  General Laws c. 190B, § 5-426, merely provides that, in exercising her authority over a protected person's assets

_____

[6] Nothing in the language of the statute suggests a conservator has the power to determine who is entitled to a decedent's property where title is disputed.

[7] To the extent the plaintiff argues the transaction from Edward Jones to the defendant's Rollstone account should not have been completed due to Swanbon's death, her dispute would alternatively be with Edward Jones, rather than the defendant.  Under that theory, Edward Jones would be a necessary party.

[8] Because we affirm the dismissal pursuant to Mass. R. Civ. P. 12 (b) (7), we need not address the question of whether the plaintiff stated a claim under Mass. R. Civ. P. 12 (b) (6).

pursuant to G. L. c. 190B, § 5-424 (a)-(b), "the conservator . . . shall take into account any estate plan . . . and any contract."  In her complaint, the plaintiff made no allegation that the defendant's initiation of the withdrawal was improper while Swanbon remained alive.  Indeed, the complaint specifically acknowledges the transaction was lawful.  Any argument that the defendant impermissibly altered the estate plan in withdrawing the funds is therefore waived.  Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").  To the extent the plaintiff argues the defendant altered the estate plan by failing to return the funds to the IRA after Swanbon's death, that argument is misplaced.  General Laws c. 190B, § 5-426, governs the exercise of a conservator's powers under G. L. c. 190B, § 5-424 (a)-(b), whereas G. L. c. 190B, § 5-424 (e), governs a conservator's duties upon the death of the protected person.

Even if we were to reach the merits of the plaintiff's argument, she would not prevail.  Under G. L. c. 190B, § 5-424 (a), a conservator has the statutory authority to "expend or distribute income or principal of the estate without court authorization or confirmation for the support, education, care, or benefit of the protected person."  It is undisputed that the

7

defendant withdrew the $75,000 from Swanbon's IRA to cover hospice care and medical expenses and did not remove or alter the beneficiaries on the account.  Although the funds were not spent for their intended use (hospice care), the withdrawal was a valid exercise of the defendant's authority under G. L. c. 190B, § 5-424 (a).

In sum, the plaintiff failed to join necessary parties pursuant to Mass. R. Civ. P. 12 (b) (7).  Because relief cannot be granted without the joinder of additional parties, dismissal of the second amended complaint was warranted.[9]

Judgment affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[10]),

Clerk

Entered:  November 20, 2025.

---

[9] We decline the defendant's request for fees pursuant to G. L. c. 190B, § 5-413, and G. L. c. 215, § 45.  The question of whether Swanbon's estate has an obligation to pay the defendant's fees under G. L. c. 190B, § 5-413, is not relevant to the matter before us.

[10] The panelists are listed in order of seniority.