NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1366

THOMAS B. FRANCIS, THIRD

vs.

SUFFOLK COUNTY SHERIFF'S DEPARTMENT & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Thomas B. Francis III, commenced an action against his employer, the Suffolk County Sheriff's Department (Department), and his supervisor (collectively "defendants"), alleging that he was the victim of sexual harassment, age discrimination, and retaliatory termination (retaliation).  A Superior Court judge (motion judge) allowed the defendants' motion for summary judgment on the sexual harassment and age discrimination claims but denied the motion on the retaliation claims.  Following a trial on the remaining retaliation claim before a different judge (trial judge), a jury rendered a

_____

[1] Deborah Driscoll, individually and in her official capacity.

verdict in favor of the defendants.  The plaintiff now appeals

from the order allowing partial summary judgment and from

certain rulings at trial and the denial of his motion for a new

trial.[2]  We affirm.

Background.  "We briefly summarize the basic facts in their

light most favorable to [the plaintiff], the nonmoving party,

reserving additional facts for later discussion."[3]  Sullivan v.

Liberty Mut. Ins. Co., 444 Mass. 34, 35 (2005).  The plaintiff

began his employment with the Department in 1996 as a

corrections officer.  In or around 2005, the plaintiff met

Deborah Driscoll, one of his supervisors.  According to the

plaintiff, he and Driscoll engaged in a sexual relationship

initiated by Driscoll.  The plaintiff further contended that

after he ceased the "physical relationship," Driscoll continued

to sexually harass him "every day" from 2005 until 2011.

In 2011, the plaintiff applied for a promotion.  The

Department erroneously graded his promotional exam which

prohibited him from moving forward in the promotional process.

After review, however, his score was corrected and the plaintiff

_____

[2] The plaintiff does not appeal any issues related to his age discrimination claim.

[3] We recite the facts related to summary judgment as drawn from the record provided at summary judgment.  All facts related to issues at trial are drawn from the evidence at trial.

2

moved forward in the process.  Ultimately, the plaintiff was not promoted.  Driscoll told the plaintiff that she had a role in promotional decisions and did not want him to be promoted.  The plaintiff registered complaints with the Department's Chief of Staff Anne Powers, the Department's Superintendent, and Driscoll.  He also met in person with Powers and a Department lawyer to explain that he was experiencing sexual harassment, age discrimination, and retaliation.

On July 18, 2012, the plaintiff served a one-day suspension for infractions and insubordination while assigned to the maintenance division.  The plaintiff did not return to work following his suspension and was instead approved for medical leave from July 19, 2012, through March 11, 2013, under the Family Medical Leave Act.[4]  The plaintiff claimed that he needed medical leave because, inter alia, the defendants failed to provide a harassment and discrimination-free workplace, which caused him to be unable to return to work.  On July 31, 2013, after the plaintiff did not return to work, the Department administratively terminated his employment.[5]

---

[4] The plaintiff was granted an extension of his medical leave until July 26, 2013.

[5] Department policy permits medical leave for one year following which employees are asked to return to work.  "If the employee is unable to return to work, either with or without reasonable accommodations, s/he is administratively terminated."

3

On July 18, 2012, the plaintiff submitted a written complaint to the Massachusetts Commission Against Discrimination (MCAD) claiming retaliation by his supervisors. On July 24, 2012, the plaintiff attempted to provide additional information to the MCAD by communicating allegations of sexual harassment and discrimination. However, he did not submit a formal complaint. On February 3, 2014, an MCAD investigator sent an e-mail message to the plaintiff, informing him that the information that he had submitted on July 24, 2012, regarding alleged sexual harassment, did not comply with the requirements to amend his complaint. The MCAD investigator wrote that she only received correspondence from him asking to amend his complaint to add five individuals to his claim. Then, on January 30, 2014, the plaintiff amended his complaint to add sexual harassment and "Age Retaliation Discrimination" claims.

On August 1, 2014, the plaintiff withdrew his MCAD complaint and on August 12, 2014, the MCAD dismissed the plaintiff's complaint. On October 21, 2014, the plaintiff filed his initial complaint in the Superior Court. On February 14, 2018, the plaintiff filed an amended complaint in the Superior Court. The defendants moved for summary judgment arguing, of most relevance here, that the plaintiff could not prove retaliation and that his sexual harassment and age

4

discrimination charges were time barred because he did not file his complaint within 300 days "after the alleged act of discrimination" as required by G. L. c. 151B, § 5. The judge allowed the defendants' motion for summary judgment in part, reasoning that the plaintiff had failed to timely file his complaints of sexual harassment and age discrimination and that the doctrine of equitable tolling did not apply. The judge denied the defendants' motion for summary judgment as to the plaintiff's retaliation claim.

At trial on the remaining retaliation claims, the plaintiff attempted to introduce evidence of the Department's termination of another employee, Joseph Ciccia, under the same administrative policy. In essence, the plaintiff claimed that Ciccia alleged that he suffered sexual harassment while working at the Department; complained about it; and was "retaliated against once he made the complaints." The plaintiff claimed at trial that this evidence of Ciccia's termination would demonstrate that the Department used administrative termination as a pretext for retaliation against employees who made complaints against the Department. The Department objected to the introduction of this evidence and the judge determined that the Ciccia evidence, even if of "marginal relevance," was "substantially outweighed by the risk of prejudice, confusion of

5

the jury," and the addition of an "enormous" amount of new testimony, and thus excluded that proposed evidence.

On February 22, 2024, the plaintiff filed a motion for new trial, which was denied.  This appeal ensued.

Discussion.  1.  Summary judgment.  In evaluating the plaintiff's appeal from a summary judgment order, we review the summary judgment record de novo in the light most favorable to the plaintiff, drawing all reasonable inferences in his favor. See Sullivan, 444 Mass. at 38.

a.  Late filing.  For the first time on appeal the plaintiff argues that a memorandum dated September 3, 2012, was filed with the MCAD within the statutory period and thus his filing was timely.[6]  This argument is unavailing.

At the time, Superior Court rule 9A(b)(5)(ii) required that the party opposing summary judgment "set forth a response to each [statement of fact] directly below the appropriate numbered paragraph, including, if the response relies on opposing evidence, page or paragraph references to supporting pleadings, depositions, answers to interrogatories, responses to requests for admission, affidavits, or other evidentiary documents."

---

[6] The statute of limitations for violations of G. L. c. 151B begins to run as soon as a discriminatory act occurs.  The plaintiff's deadline to file his sexual harassment claim with the MCAD was August 6, 2012.

6

Rule 9A(b)(5)(ii) of the Rules of Superior Court (2017).  The

opposing party is required to make "specific contradiction[s],

. . . with the support of record reference, in order to preserve

a dispute of material fact.  The omission of a specific denial

or contradiction particularly grounded in the summary judgment

record results in an effective admission."  Poon v.

Massachusetts Inst. of Tech., 74 Mass. App. Ct. 185, 193 n.7

(2009).

Here, the judge did not err in finding that there was no

dispute as to whether the plaintiff's complaint was timely

filed.[7]  In response to the defendants' statement of fact that

the plaintiff amended his MCAD complaint to include sexual

harassment on January 14, 2014, the plaintiff's response

included only the word "denied" without citation to the

memorandum the plaintiff now relies on to claim that the judge

erred.  Indeed, in the entire Statement of Undisputed Facts

there is not a single reference to the memorandum the plaintiff

now cites to show that he properly filed a complaint for sexual

---

[7] Our review is hampered by the confusing and incomplete summary judgment record filed on appeal.  This includes a lack of clarity as to whether versions of certain documents were or were not presented to the judge at summary judgment.  We note that neither party sought to correct or modify the record on appeal pursuant to Mass. R. A. P. 8 (e), as appearing in 481 Mass. 1611 (2019).

harassment within the 300 days required by G. L. c. 151B, § 5. Thus, because the plaintiff failed in this instance to cite any "specific evidence . . . in the Joint Appendix that demonstrates the dispute" the entry of partial summary judgment was appropriate (citation omitted).[8]  Meehan v. Lazer Spot, Inc., 104 Mass. App. Ct. 690, 691 n.3 (2024).  See Sullivan, 444 Mass. at 46 n.18.

b.  Equitable tolling.  In the alternative, the plaintiff argues that equitable tolling should apply because he was misled by the MCAD.  This argument too is unavailing.

Equitable tolling "is applicable only where the prospective plaintiff did not have, and could not have had with due diligence, the information essential to bringing suit."  Protective Life Ins. Co. v. Sullivan, 425 Mass. 615, 635 (1997).  We first address the plaintiff's argument made at summary

---

[8] In neither the undisputed statement of facts nor in the plaintiff's motion or memorandum of law in support of his motion for summary judgment did the plaintiff cite to the alleged amended complaint he now relies on to contend that he satisfied the 300-day filing requirement.  "An issue not raised or argued below may not be argued for the first time on appeal."  Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989).  The plaintiff never put the judge on notice that he opposed summary judgment on the theory that the document dated September 3, 2012, constituted an amended complaint.  Cf. Douillard v. LMR, Inc., 433 Mass. 162, 168 n.3 (2001) (no waiver because not separate "theory" of recovery).  Thus, this new argument is waived.  See Century Fire & Marine Ins. Corp., supra.

8

judgment.  There, he contended that his difficulties at work "led [him] to give up his initial pursuit" of a sexual harassment claim.  This argument alone does not support equitable tolling as it does not suggest the plaintiff did not have "information essential to bringing suit."  Id.  To the contrary, he describes his failure to amend the complaint as a "lapse of judgment," not as a lack of information.  Thus, equitable tolling does not apply here.

We next address the plaintiff's contention that the MCAD misled him by failing to inform him until January 31, 2024, that his sexual harassment charge was not included.  "An issue not raised or argued below may not be argued for the first time on appeal" (citation omitted).  Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).  Here, the plaintiff is making the argument that he was misled by the MCAD for the first time on appeal, thus this argument is not properly before us.  Moreover, as discussed supra, the mere fact that this e-mail message was an exhibit at summary judgment does not satisfy Rule 9A of the Rules of the Superior Court.  See Poon, 74 Mass. App. Ct. at 193 n.7.

2.  Exclusion of evidence at trial.  The plaintiff next argues that the judge's exclusion of the Ciccia evidence constituted error.  We disagree.

A judge's decision to admit or exclude evidence is reviewed for an abuse of discretion. See Zucco v. Kane, 439 Mass. 503, 507 (2003). Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Mass. G. Evid. § 403 (2023). "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). "We will not reverse such decisions unless there is palpable error." Carrel v. National Cord & Braid Corp., 447 Mass. 431, 446 (2006).

In this case, the judge considered the relevance of Ciccia's purported accusations and determined that the evidence was, at most, of marginal relevance. Moreover, the judge noted that discussing Ciccia's complaint would "take a right turn down a long road . . . for something that has minimal relevance." Indeed, discussion of Ciccia's termination would require a trial within a trial to determine if his firing was retaliatory when Driscoll was not involved with Ciccia at all. It is clear from the record that the judge considered the relevance of the evidence and determined that its probative value was minimal

10

compared to its likelihood of delaying the trial and confusing the jury.[9]  Thus, we discern no abuse of discretion.

Judgment and order denying
  motion for new trial
  affirmed.

By the Court (Neyman,
  D'Angelo & Allen, JJ.[10]),

Clerk

Entered:  March 9, 2026.

---

[9] In his brief, the plaintiff discusses the specific allegations made by Ciccia in his civil complaint, which were not raised to the judge at trial.  Because these arguments are raised for the first time on appeal, we do not address them. See Century Fire & Marine Ins. Corp., 405 Mass. at 421 n.2.

[10] The panelists are listed in order of seniority.